IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY MCCURDY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02787-M |
| | § | |
| FRESHONE DISTRIBUTION SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

# MEMORANDUM OPINION AND ORDER
# GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL PLAINTIFFS

Before the Court is Plaintiff's Motion for Conditional Certification and Notice to Potential Plaintiffs. (ECF No. 10). For the reasons stated below, the Motion is **GRANTED**.

**I.    Factual and Procedural Background**

Plaintiff, Randy McCurdy, Jr., is a former employee of Defendant, FreshOne Distribution Services, LLC, a food services distribution company. (ECF No. 1 ¶¶ 5.1, 5.2).

Plaintiff alleges the following in his Complaint. (ECF No. 1). Plaintiff delivered food to Defendant's customers in Texas. Plaintiff and other employees who were similarly situated (the "Potential Plaintiffs") were paid on a "per route" basis or an hourly basis, depending on the task they were performing. Defendant did not accurately track hours and did not pay the Potential Plaintiffs statutory overtime for any hours over forty that they worked in a week, treating such employees as exempt.

On November 22, 2019, Plaintiff filed this putative collective action, on behalf of himself and the Potential Plaintiffs, to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA).

On April 22, 2020, Plaintiff moved for conditional certification and notice to the Potential Plaintiffs, which he defines as follows:

> All Drivers who worked for FreshOne Distribution Services, LLC in Texas within the three years preceding the filing of this lawsuit who were paid hourly or paid route pay, worked in excess of forty hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in one or more workweeks.

(*See* ECF Nos. 1 ¶ 6.5, 10).

## II.     Legal Standard

The FLSA authorizes a person to bring a collective action on behalf of similarly situated employees.  29 U.S.C. § 216(b).  A two-stage test is used to determine whether a collective action is appropriate.  *Frazier v. Dallas/Fort Worth Int'l Airport Bd.*, 285 F. Supp. 3d 969, 972 (N.D. Tex. 2018) (Lynn, J., presiding); *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (finding no abuse of discretion where district court applied two-stage test). At the notice stage, the Court need only be satisfied that there is a "reasonable basis" to believe a class of "similarly situated" persons exists, who do similar work for similar compensation.  *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011);  *see also Frazier*, 285 F. Supp. 3d at 972.  This is a fairly lenient burden, one that a plaintiff can typically meet.  *Id*; *see also Mooney*, 54 F.3d at 1214.  Plaintiff need not demonstrate uniformity in every aspect of employment among potential class members.  *Frazier*, 285 F. Supp. 3d at 972. A court will foreclose a plaintiff's right to proceed collectively if the action relates to circumstances personal to plaintiff, rather than to any generally applicable policy or practice.  *Id.*

at 973; see *also Mooney*, 54 F.3d at 1214 n.8 (requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan").  The Court does not assess merits of the case at this stage. *Frazier*, 285 F. Supp. 3d at 973; *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 767 (N.D. Tex. 2013).

If a plaintiff makes the requisite showing, a court will conditionally certify the class and allow the plaintiff to notify potential class members so that they may opt-in to the suit. *Frazier*, 285 F. Supp. 3d at 973.  The Court must exercise its discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether a person will join the lawsuit. *Id*; *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 523 (N.D. Tex. 2014).  Absent reasonable objections, a plaintiff should be allowed to use the language of his choice in the notice. *Frazier*, 285 F. Supp. 3d at 973.

After notice and time for opting-in, the case proceeds as a collective action throughout discovery.  After discovery is largely complete, the court reaches the second stage, determining whether the case should remain as a collective action through trial.  The class will be decertified at the second stage if the class is not in fact comprised of similarly situated employees.

### III.    Analysis

Plaintiff has provided sufficient evidence that similarly situated employees exist. Declarations from the Plaintiff and another former employee of the Defendant, who has opted in to the case, describe duties of other drivers, loading and delivering food and food supplies by truck to Defendant's customers in Texas, and who are similarly compensated.  The Court finds that there is a reasonable basis to suggest that "similarly situated" persons exist. *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011).

Defendant argues that Plaintiff and a person who has opted in to this case do not claim to have any personal knowledge other than their observations and conversations with other employees. Employees may acquire personal knowledge in this manner. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 763–64 (N.D. Tex. 2013) (granting certification at the notice stage where the plaintiff, as an employee, had personal knowledge of the employment conditions of other putative plaintiffs based "upon [his] own observations and experiences during [his] employment"). Plaintiff has provided sufficient evidence at this stage to establish that similarly situated employees exist.

The Court finds that the proposed notice and consent forms are accurate, except to the extent marked on the attachments hereto, and include information needed for Potential Plaintiffs to make an informed decision about whether to join the lawsuit.

## IV.   Conclusion

The Court conditionally certifies a class of Defendant's current and former employees (the "Drivers"):

> All Drivers who worked for Defendant at one of their Locations within the last three years who were paid hourly or route pay, worked in excess of forty hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in one or more workweeks.

The Notice, Consent to Join Form and Reminder Notice attached to this Order are approved, subject to Plaintiff's insertion of the appropriate dates, and the handwritten edits made by the Court.

Defendant shall produce to Plaintiff's counsel the names, last known addresses, and work email address and personal email addresses, if known, of current and former Drivers ("Driver Information") in an Excel or similar electronic format, within seven days of the entry of this Order. Plaintiff's counsel shall send the Notice and Consent Form to the Drivers within fourteen

days after Defendant provides the Driver Information to Plaintiff's counsel. Plaintiff shall send the Notice and Consent forms if an email address is available, by email or regular mail. For the Notice and Consent forms sent by U.S. Mail, Plaintiff shall provide a self-addressed, postage paid return envelope. Plaintiff's counsel is authorized to provide the Drivers with the Notice and Consent Form to sign electronically through DocuSign. Plaintiff shall bear the cost of issuing the Notice and Consent forms and reminder notices.

The Drivers shall have forty-five days after the date the Notice and Consent forms are first emailed/mailed to submit a Consent to Join form opting in to this litigation (the "Opt-In Period"). Any re-mailing of the original notice and any reminder notices shall not extend this deadline. Plaintiff shall inform opposing counsel as to the date on which the Notice forms are sent to the Drivers. Plaintiff's counsel may send a reminder notice no later than fifteen days before the expiration of the Opt-In Period.

Plaintiff's counsel shall file any signed opt-in consent forms with the Court.

Within seven days after the close of the Opt-In period, the Parties are directed to confer pursuant to Rule 16(b) to present the Court with a Proposed Scheduling Order covering the items set forth in the Court's previous Order governing proceedings. (ECF No. 7). If the Parties cannot agree on elements of the Proposed Scheduling Order, they may present their separate views in the joint submission. The Parties must file the Proposed Scheduling Order within seven days of the date when the Parties confer.

**SO ORDERED**.

July 16, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

# NOTICE of COLLECTIVE ACTION OVERTIME LAWSUIT and OPPORTUNITY TO JOIN

### Why Did I Get This Notice?

You have been identified as an individual that worked for FreshOne Distribution Services, LLC ("FreshOne") as a Driver between _____ and the present. If you have received this Notice, you may be eligible to join this lawsuit.

### What's This About?

A former FreshOne [Driver] filed a lawsuit that seeks to recover overtime pay for working more than 40 hours in a workweek. The lawsuit claims that Drivers worked more than 40 hours in most, if not all, weeks; but, because they were paid by the route, they did not receive overtime pay.

You are eligible to join this lawsuit if you worked more than 40 hours in any week without receiving overtime pay.

FreshOne contends that it properly paid Drivers and contends that it does not owe any overtime wages.

This Court has not decided whether FreshOne failed to pay overtime wages. Plaintiff in this lawsuit must prove his claim at trial unless the case is settled.

### What Can I Get?

If you join this lawsuit and the Drivers settle the case or win, you and the other plaintiffs may get an amount up to two times the unpaid overtime wages you and they should have received as well as attorneys' fees and costs.

### Can I be Retaliated Against?

No. It is unlawful for FreshOne or your current employer to terminate your employment or take any adverse action, as defined by the law, against you as a result of your participation in this suit.

### How Do I Make a Claim?

If you want to join the lawsuit as a plaintiff, you can sign and join by DocuSign or fill out the attached *Consent to Join* form and mail, email or fax it to Mr. Miltenberger at the address below. It must be received in Mr. Miltenberger's office by _____.

### What Are My Choices?

If you choose to join in this case, you will be bound by the result in this case, whether it is favorable or unfavorable. If you join the case, you will not have to pay the lawyers anything out of pocket, win or lose. Mr. Miltenberger is representing the ~~Loan Officers~~ [Drivers] on a contingency fee basis.

You may have to respond to written discovery requests, provide documents and/or provide testimony.

If you do not wish to join the lawsuit as a plaintiff, you are free to take action on your own or do nothing.

### Can I Get More Information? [You can]

You can call the Drivers' attorneys at 1-817-416-5060. The call is confidential. Or write or email Mr. Miltenberger at:

Law Office of Chris R. Miltenberger, PLLC
Chris R. Miltenberger, Esq.
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Phone: 817-416-5060; Fax: 817-416-5062
chris@crmlawpractice.com

The United States District Court for the Northern District of Texas approved this Notice but takes no position on the merits of the case.

# UNITED STATES DISTRICT COURT
## Northern District of Texas
## Dallas Division

| | | |
|---|---|---|
| **Randy McCurdy Jr.**, individually and on behalf of all those similarly situated | § § § | |
| Plaintiff, | § § § | |
| | § | CA No: 3:19-cv-2787-M |
| v. | § § | |
| **FreshOne Distribution Services, LLC** | § | Collective Action |
| Defendant | § § | Jury Demanded |

## CONSENT TO JOIN

- I consent to become a party plaintiff and join a lawsuit against **FreshOne Distribution Services, LLC** ("**Defendant**") seeking damages for unpaid wages under the Fair Labor Standards Act. I was employed by Defendant as a driver in the last three years, worked more than 40 hours a week and was not paid overtime.

- By joining this lawsuit, I authorize and designate Randy McCurdy Jr., and other persons he may designate as necessary, and his attorneys as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, releasing of claims, and all other matters pertaining to this lawsuit.

- I further acknowledge that this Consent Form is intended to be filed to recover wages I believe I am owed, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on my behalf seeking recovery from Defendant.

- I understand I have the right to choose my own counsel. I agree to be represented by the Law Office of Chris R. Miltenberger, PLLC.

_____       _____
Date                                                        Signature

_____
Printed Name

7

**PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:**

**This information will NOT be made part of any public record and is necessary for your attorney's files for litigation and possible settlement purposes.**

Name: _____

Mailing Address: _____

City, State & Zip Code: _____

Social Security No. (or last 4 digits): _____

Cellular Telephone: _____

E-Mail Address: _____

Beginning Date of Employment: _____

Ending Date of Employment: _____

**Reminder Regarding McCurdy v FreshOne**

Notice Materials were recently mailed and/or emailed to you in regard to the Randy McCurdy Jr. v. FreshOne Distribution Services, LLC lawsuit alleging unpaid overtime violations of the Fair Labor Standards Act.

In order to participate in this lawsuit, you must complete, sign, and mail, fax or email the Consent Form contained in the Notice Materials so that it is received by the Driver's attorneys (at the address below) on or before _____, 2020.

| | |
|---|---|
| Chris R. Miltenberger, Esq. | chris@crmlawpractice.com; |
| 1360 N. White Chapel Blvd., Suite 200 | www.miltenbergerovertimelaw.com |
| Southlake, Texas 76092 | |
| 817-416-5060 (phone); 817-416-5062 (fax) | |

If you did not receive your Notice Materials, please contact Chris Miltenberger, Esq. at 817-416-5060 or at chris@crmlawpractice.com to request another copy be mailed/emailed to you.

9